## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| STACY K. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-490-JMS-DML |
| | ) | |
| AMY JONES, Attorney, and | ) | |
|   INDIANAPOLIS METROPOLITAN | ) | |
|   POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Dismissing Complaint and Directing Further Proceedings

For the reasons explained in this Entry, the complaint of Stacy Perkins is dismissed because it fails to state a claim upon which relief can be granted. The action is not dismissed at this point. Rather, Perkins will be permitted to file an amended complaint with respect to one of the two defendants.

### Background

Stacy K. Perkins sues his former attorney and the Indianapolis Metropolitan Police Department ("IMPD"). Perkins alleges that he was pulled over in Indianapolis in August 2010, that he was arrested at that time (though no traffic ticket was issued), that the charge was dismissed in July 2011, and that he is dissatisfied with both the arrest and his representation. In addition, he paid the attorney to seek expungement of the matter but that effort failed. Claiming that this has caused him emotional and other harm, he seeks ½ million dollars in damages.

Perkins' action is brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984).

**Discussion**

To state a claim under § 1983, "a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). A person acts under color of state law only when exercising power Apossessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.@ *United States v. Classic,* 313 U.S. 299, 326 (1941).

First, Perkins has sued his former Attorney, Amy Jones, for her failure to successfully seek the expungement of the matter after the charges were dismissed. The claim against defendant Jones is not actionable under Section 1983 because this defendant did not act under color of state law in representing Perkins. *See Fries v. Helsper,* 146 F.3d 452 (7th Cir. 1998); *French v. Corrigan,* 432 F.2d 1211, 1214-15 (7th Cir. 1970). Although Perkins may have a viable claim based on state law, 42 U.S.C. § 1983 cannot be used to vindicate such matters. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. ' 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . .").

Next, Perkins names the IMPD as a defendant, presumably because he was pulled over by IMPD Officer Seth Ferrell, who proceeded to arrest Perkins on charges which were subsequently dismissed. In Indiana, municipal police departments "are not suable entities." See *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Even if it is assumed that the improper naming of the IMPD is the equivalent of suing the City of Indianapolis, *Best v. City of Portland*, 554 F.3d 698, fn* (7th Cir. 2009), this claim still must be dismissed because there is no claim sufficient to support municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). More specifically, a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. Perkins has alleged no municipal policy or custom of constitutional violations in actions by IMPD officers to arrest persons for whom an open warrant for arrest exists. The filing of criminal charges, moreover, lies in the hands of the county prosecutor, not the IMPD, and the prosecutor cannot be held liable for such actions. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *see also Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007) ("Dobson's decision to commence a criminal prosecution is covered by absolute immunity.")(citing *Imbler*).

Perkins shall have **through August 15, 2012**, in which to file an amended complaint asserting a viable claim against the IMPD. In submitting an amended complaint, Perkins shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim

showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

### III.

If an amended complaint is filed as permitted in this Entry, the court will determine its legal sufficiency and enter whatever order which is warranted. If no amended complaint is filed as directed in this Entry, the action will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 07/17/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

STACY K. PERKINS
4440 N. Arlington Ave.
Indianapolis, IN 46206