UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| STACY K. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-490-JMS-DML |
| | ) | |
| AMY JONES, Attorney, and | ) | |
| INDIANAPOLIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

The amended complaint filed by Stacy Perkins has been considered.

**A.**

The claim against defendant Amy Jones was previously dismissed. Perkins was not invited to include a claim against Jones in his amended complaint. Even if the amended complaint is considered as to Jones, moreover, nothing in the amended complaint warrants reinstating Jones as a defendant and no cognizable claim based on the existence of a federal question is asserted against Jones.

**B.**

The other defendant in the case as Perkins filed it is the Indianapolis Metropolitan Police Department ("IMPD").[1] The court has treated the IMPD as the City of Indianapolis ("the City"). *See Best v. City of Portland*, 554 F.3d 698, fn* (7th Cir. 2009).

Perkins' claim against the City was dismissed because he alleged no municipal policy or custom of constitutional violations in actions by IMPD officers to arrest persons for whom an open warrant for arrest exists and because the filing of

---

[1] *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)("Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue.").

criminal charges lies in the hands of the county prosecutor, not the IMPD. Perkins was, however, invited to file an amended complaint against the City. The amended complaint bears the same character in this respect as did the original complaint; that is, the amended complaint alleges no basis on which municipal liability could be established. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978)(a municipality can be found liable under 42 U.S.C. § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort). This shows that the amended complaint fails to contain a plausible claim against the City, *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), and without a plausible claim the action must be dismissed. *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008)("[A] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'")(quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

## II.

### A.

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The plaintiff has pled himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *see also Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Perkins' amended complaint fails to cure the deficiencies noted in the Entry of July 17, 2012.

### B.

Perkins' amended complaint could be understood as asserting claims under Indiana state law. Because all federal claims have been dismissed at this early point, the court declines to exercise its supplemental jurisdiction over any other asserted state law claim including that of libel and false arrest. 28 U.S.C. ' 1367(c)(3); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Any claim based on state law is dismissed for lack of jurisdiction.

**C.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

**Date:** 09/12/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

STACY K. PERKINS
**4440 N. Arlington Ave.**
**Indianapolis, IN 46206**