UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACY K. PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-490-JMS-DML |
| ) | |
| AMY JONES, Attorney, and ) | |
|  INDIANAPOLIS METROPOLITAN ) | |
|  POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

The plaintiff's motion for disqualification has been considered.

Under 28 U.S.C. ' 455(a), a federal judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is

apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The plaintiff seeks the recusal of the undersigned because he disagrees with one or more rulings in this action. This factor is addressed in the preceding paragraph. The plaintiff=s dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. The motion to recuse thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b). The plaintiff=s suggestion otherwise is both frivolous and contrived.

An additional circumstance is properly noted. Although ' 455 does not contain an explicit timeliness requirement, Aa claim for judicial recusal under section 455 >will not be considered unless timely made.=A *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Bauer*, 19 F.3d 409, 414 8th Cir. 1994)). ATimeliness requires a party to raise a claim >at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.=@ *Id.* (quoting *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987)). This action was filed on April 16, 2012, and has been assigned to the docket of the undersigned since that date. Final judgment was entered on the clerk's docket on September 13, 2012.

A timely notice of appeal was filed and the mandate dismissing that appeal was docketed on March 12, 2013. Numerous post-judgment motions have been filed and denied. No substantive motion is now pending. These circumstances show that the motion for disqualification was not timely filed and in being filed after the entry of final judgment was likely not even filed for a legitimate purpose.

Based on the foregoing, the plaintiff's motion for disqualification [Dkt 34] is **denied.**

IT IS SO ORDERED.

Date: 06/27/2013

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Stacy K. Perkins
4440 N. Arlington Ave.
Indianapolis, IN 46206